| Fill in this information to identify your case: |
| --- |

United States Bankruptcy Court for the:

DISTRICT OF UTAH

Case number *(if known)* _____    Chapter __11__

☐ Check if this an
amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
| --- | --- | --- |
| 1. | Debtor's name | **III Exploration II LP** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **82-0536791** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
| --- | --- |
| **960 Broadway Avenue Suite 500**<br>**Boise, ID 83706**<br>Number, Street, City, State & ZIP Code | **PO Box 70019**<br>**Boise, ID 83707**<br>P.O. Box, Number, Street, City, State & ZIP Code |
| **Ada**<br>County | Location of principal assets, if different from principal place of business<br>**Huerfano County, Colorado; Duchesne County, Utah; Uintah County, Utah; Mountrail County, North Dakota**<br>Number, Street, City, State & ZIP Code |

| | | |
| --- | --- | --- |
| 5. | Debtor's website (URL) | **www.petroglyphenergy.com** |
| 6. | Type of debtor | ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>■ Other. Specify:  **Limited Partnership** |

Debtor    **III Exploration II LP**                                                      Case number (*if known*) _____
     Name

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    2111

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

District _____    When _____    Case number _____

District _____    When _____    Case number _____

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

■ No

☐ Yes.

Debtor _____    Relationship _____

District _____    When _____    Case number, if known _____

---

Debtor    **III Exploration II LP**

Name

Case number *(if known)* _____

---

**11. Why is the case filed in this district?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

        Contact name _____

        Phone _____

---

███ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☑ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☑ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
☑ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

Debtor    **Ill Exploration II LP**    Case number (*if known*)
_____
Name

---

Request for Relief, Declaration, and Signatures

---

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **July 26, 2016**
MM / DD / YYYY

**X** /s/ Paul R. Powell
Signature of authorized representative of debtor

**Paul R. Powell**
Printed name

Title    **President**

---

**18. Signature of attorney**

**X** /s/ George B. Hofmann
Signature of attorney for debtor

Date    **July 26, 2016**
MM / DD / YYYY

**George B. Hofmann**
Printed name

**Cohne Kinghorn, P.C.**
Firm name

**111 E. Broadway, 11th Floor**
**Salt Lake City, UT 84111**
Number, Street, City, State & ZIP Code

Contact phone    **801-363-4300**    Email address

**10005**
Bar number and State

---

## SECRETARY'S CERTIFICATE OF RESOLUTIONS
## PETROGLYPH ENERGY, INC.

The undersigned, the duly appointed secretary of Petroglyph Energy, Inc. (the "Company"), an Idaho corporation, hereby certifies on behalf of the Company as follows:

1.      The Company is the sole general partner of the Company is the sole general partner of III Exploration II LP, an Idaho limited partnership (the "Partnership").

2.      Attached hereto is a true, correct, and complete copy of the resolutions that were unanimously adopted by the board of directors of the Company at a meeting of the board held on July 25, 2016, at which a quorum was present and voting throughout, approving

(i)      the filing of a Petition on behalf of the Partnership in order to seek relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court;

(ii)      the employment of legal counsel, investment banker and other consultants and agents on behalf of the Partnership;

(iii)      the execution of a DIP Credit Agreement, a Post-Petition ISDA, a Transition Services Agreement, and other agreements and documents subject to Bankruptcy Court Approval; and

(iv)      related matters.

3.      The attached resolutions have not been modified, rescinded, or amended since their adoption and are in full force and effect.

IN WITNESS WHEREOF, I have executed this Certificate on July 26, 2016.

Michael E. Rich, Secretary

I, Paul R. Powell, the undersigned, the duly appointed and duly qualified and acting president of the Company, do hereby certify solely in my capacity as an officer of the Company and not in my individual capacity, on behalf of the Company, that Michael E. Rich is the duly appointed and duly qualified and acting secretary of the Company and that the signature set forth above is his true, correct and genuine signature.

Dated: July 26. 2016

Paul R. Powell, President

## RESOLUTION OF THE BOARD OF DIRECTORS OF
## PETROGLYPH ENERGY, INC.

July 25, 2016

*Board Action and Adoption of Board Resolutions*

Following discussion and upon motions duly made and seconded, the Board adopted the following resolutions:

RESOLVED, that the filing by the Partnership of the Petition, in the United States Bankruptcy Court for the District of Utah (the "Bankruptcy Court"), substantially in the form presented to the General Partner is hereby approved and adopted in all respects.

RESOLVED, that each of the officers of the Partnership and the Corporation (individually, an "Authorized Officer" and, together, the "Authorized Officers") be and they hereby are authorized, empowered and directed to execute and file the Petition on behalf of the Partnership in order to seek relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and it is further

RESOLVED, that each of the Authorized Officers be and they hereby are authorized, empowered and directed, in the name and on behalf of the Partnership, to execute and file all petitions, schedules, motions, lists, applications, pleadings, declarations, affidavits and other papers as required to accompany the Petition or seek entry of first day orders, and, in connection therewith, to employ and retain assistance of legal counsel, accountants, financial advisors and other professionals, and to take and perform any and all further acts and deeds that they deem necessary, proper or desirable in connection with, or in furtherance of, the Petition or the Partnership's chapter 11 case, with a view to the successful prosecution of such cases; and it is further

RESOLVED, the Partnership is authorized to execute the Transition Services Agreement with Petroglyph Operating Company, Inc. substantially in the form attached hereto (the "TSA"), attached hereto as Exhibit A, (with such changes as the Authorized Officers deem necessary or desirable) and the transaction contemplated thereby, subject to Bankruptcy Court approval.

RESOLVED, the Partnership is authorized to execute the Post-Petition Superpriority Credit Agreement with a commitment amount at or greater than $4 million and substantially in the form attached hereto (the "DIP Credit Agreement"), attached hereto as Exhibit B, (with such changes as the Authorized Officers deem necessary or desirable) and the transaction contemplated thereby, subject to Bankruptcy Court approval.

RESOLVED, the Partnership is authorized to execute the Post-Petition ISDA and related documents substantially in the form attached hereto (the "ISDA"), attached hereto as Exhibit C (with such changes as the Authorized Officers deem necessary or desirable) and the transaction contemplated thereby, subject to Bankruptcy Court approval and further appoints Michael E Rich EVP & CFO of the General Partner and Marshall Murrin VP and Treasurer of the General Partner as its agents and attorneys in fact giving authority to execute transactions under the ISDA including but not limited to entering into swaps, collars and options to establish floors and all other transactions contemplated under the ISDA.

RESOLVED, that the Partnership is authorized to employ Tudor, Pickering, Holt & Co., located at 540 Madison Avenue, New York, New York 10022, and execute an engagement letter in the form attached hereto (the "Engagement Letter") as Exhibit D (with such changes as the Authorized

Officers deem necessary or desirable) as investment banker for the Partnership in its chapter 11 case, subject to Bankruptcy Court approval.

RESOLVED, that each of the Authorized Officers be and they hereby are authorized, empowered and directed to retain on behalf of the Partnership such other professionals as they deem necessary, appropriate or desirable, upon such terms and conditions as they shall approve, to render services to the Partnership in connection with its chapter 11 case and with respect to other related matters in connection therewith, subject to Bankruptcy Court approval, if required; and it is further

RESOLVED, that each of the Authorized Officers is authorized to make, execute, file and deliver any and all consents, certificates, documents, instruments, amendments, papers or writings as may be required in connection with or in furtherance of the foregoing, and to do any and all other acts necessary or desirable to effectuate the foregoing resolutions, the execution and delivery thereof by such Authorized Officer(s) to be deemed conclusive evidence of the approval by the Partnership of the terms, provisions and conditions thereof; and it is further

RESOLVED, that each of the Authorized Officers be and they hereby are authorized, empowered and directed, in the name and on behalf of the Partnership, to cause the Partnership to enter into, execute, deliver, certify, file and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action, including, without limitation, the payment of fees, costs and expenses (subject to Bankruptcy Court approval where necessary or appropriate), as in the judgment of such Authorized Officer shall be or become necessary, proper, and desirable to effectuate a successful reorganization of the Partnership's business.

RESOLVED, that the Resolutions (the "Current Resolutions") adopted this date supersede and replace previously adopted resolutions of the Board that deal with the same subject matter as the Current Resolutions.

RESOLVED, that any and all past actions heretofore lawfully taken by any officers, directors, members or any authorized persons acting under similar authority, as the case may be, of the Partnership in the name and on behalf of the Partnership in furtherance of any or all of the preceding resolutions are hereby ratified, confirmed, adopted and approved in all respects; and it is further

RESOLVED, that the Secretary of the General Partner is hereby authorized, empowered and directed to certify that the foregoing resolutions of the General Partner were duly consented to and adopted as of the date hereof, and that the Secretary of the General Partner is hereby authorized and directed to insert, or cause to be inserted, this Secretary's Certificate, or a copy thereof, in the minutes of proceedings of the General Partner.