**This order is SIGNED.**

 

**Dated: July 29, 2016**

R. KIMBALL MOSIER
U.S. Bankruptcy Judge

---

*Prepared and Submitted by:*

George Hofmann (10005)
Steven C. Strong (6340)
Adam H. Reiser (13339)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300

Proposed Attorneys for III Exploration II LP

---

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re<br><br>III EXPLORATION II LP,<br><br>Debtor. | Bankruptcy No. 16-26471<br><br>Chapter 11 |

**ORDER AUTHORIZING DEBTOR AND ITS AFFILIATE TO CONTINUE USE OF THEIR EXISTING BANK ACCOUNTS**
_____

   The matter before the Court is the Debtor's Motion for Order Authorizing Debtor and its Affiliate to Continue Use of their Existing Bank Accounts (the "Motion") filed by III Exploration II LP (the "Debtor") in this case.

   THE COURT, having conducted a hearing on the Motion and having considered the evidence and arguments presented at such hearing, HEREBY FINDS AND CONCLUDES that: (a) the Court has jurisdiction to hear and determine this matter, (b) notice of the Motion was sufficient and proper, (c) the maintenance of the Debtor's bank account

{00289099.DOC / 2}
**Error! Unknown document property name.**

structure as requested through the Motion is critical to the Debtor's ongoing business operations and necessary to avoid irreparable harm to the Debtor's bankruptcy estate, (d) the requirements of Fed. R. Bankr. P. 6003 are satisfied, and (e) other good and sufficient cause exists for granting the relief requested in the Motion.

ACCORDINGLY, THE COURT HEREBY ORDERS AS FOLLOWS:

1. The Motion is granted on an interim basis, subject to consideration at a final hearing on the Motion to be conducted on August 17, 2016 at 2:00 p.m.

2. The Debtor is authorized to continue to use its Concentration Account, rather than opening a new debtor in possession account, including a segregated account for the payment of taxes, on the terms specified in the Motion.

3. The Debtor is authorized and empowered to maintain and continue to use its bank accounts in the names and with the account numbers existing on the Petition Date. Additionally, the Debtor is authorized to (a) deposit funds in and withdraw funds from the bank accounts in the ordinary course and by all usual means, including, but not limited to, checks, wire transfers, automated clearing house transfers, electronic funds transfers, and other debits; and (b) treat the bank accounts for all purposes as debtor-in-possession accounts.

4. The Debtor's operating subsidiary, Petroglyph Operating Company, Inc. is authorized to continue to use its Impress Account, on the terms specified in the Motion.

5. Except as otherwise provided by any applicable orders of this Court, pursuant to Bankruptcy Code §§ 105(a) and 363, the Debtor is authorized and empowered to continue to use its cash management system. Accordingly, the Debtor is not required to establish separate accounts for cash collateral and/or tax payments. Further, the Debtor is

authorized to pay any ordinary cost or expenses associated with the maintenance of their existing cash management system.

6. To the extent Debtor's deposits are not in strict compliance under Bankruptcy Code § 345, such compliance is hereby waived.

7. The requirement to establish separate accounts for cash collateral and/or tax payment is hereby waived.

8. Wells Fargo is authorized to debit the Debtor's accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtor's accounts which are cashed at Wells Fargo's counters or exchanged for cashier's checks by the payees thereof prior to the petition date; (ii) all checks or other items deposited in one of Debtor's accounts with Wells Fargo prior to the petition date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the petition date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to Wells Fargo as service charges for the maintenance of the Debtor's bank accounts.

9. Wells Fargo may rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the petition date should be honored pursuant to this or any other order of this Court, and Wells Fargo shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

10. The Debtor's existing deposit agreement with Wells Fargo shall continue to govern the postpetition cash management relationship between the Debtor and Wells

Fargo, and that all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

11. The Debtor and Wells Fargo may, without further Order of this Court, agree to and implement changes to the cash management systems and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts.

12. The Debtor is hereby authorized to maintain its existing business forms such as checks, purchase orders, and deposit slips without the requirement of replacing them with new forms with any "debtor-in-possession" designation.

13. Nothing in the Motion or this Order shall be deemed or construed as an admission as to the validity or priority of any claim or lien against the Debtor or as a waiver of the Debtor's right to dispute any claim or lien.

14. Notwithstanding anything to the contrary in this Order or the Motion, any payment, obligations, or other relief authorized by this Order shall be subject to the terms, conditions, and limitations of the order of this Court approving any debtor-in-possession financing and cash collateral use, including any budget in connection therewith.

15. Nothing in this order or the Motion shall be construed as prejudicing any rights that the Debtor may have to dispute or contest the amount, or the basis for any claims against the Debtor in connection with or related to the claims addressed by this Order.

16. For cause shown, any stay applicable under Fed. R. Bankr. P. 6004 is hereby and the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.---------- END OF ORDER ------------------------------

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **INTERIM ORDER AUTHORIZING CRITICAL MINERAL INTEREST PAYMENTS** shall be served to the parties and in the manner designated below:

**By Electronic Service**: I certify that the parties of the record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

- Laurie A. Cayton tr    laurie.cayton@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Mark R. Gaylord    gaylord@ballardspahr.com, elliottm@ballardspahr.com;saltlakedocketclerk@ballardspahr.com
- Tyler M. Hawkins    hawkinst@ballardspahr.com, saltlakedocketclerk@ballardspahr.com;lawsont@ballardspahr.com
- George B. Hofmann    ghofmann@cohnekinghorn.com, dhaney@cohnekinghorn.com;jthorsen@cohnekinghorn.com
- Peter J. Kuhn tr    Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Steven J. McCardell    smccardell@djplaw.com, khughes@djplaw.com
- Adam H Reiser    areiser@cohnekinghorn.com
- Brian M. Rothschild    brothschild@parsonsbehle.com, ecf@parsonsbehle.com
- Steven C. Strong    sstrong@cohnekinghorn.com, jhasty@cohnekinghorn.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

**By U.S. Mail**: In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b):

☐    None.

☒    Other:

Michael A. Axel
127 Public Square, Second Floor
Cleveland, OH 44114

David M. Bennett
1722 Routh Street, Ste 1500
Dallas, TX 75201

        Demetra L. Liggins
        333 Clay Street, Ste 3300
        Houston, TX 77002

☐    All parties on the Court's official case matrix


        /s/ George Hofmann