**This order is SIGNED.**

 

Dated: December 4, 2018

R. KIMBALL MOSIER
U.S. Bankruptcy Judge

*Prepared and submitted by:*

George Hofmann (10005)
Patrick E. Johnson (10771)
Jeffrey L. Trousdale (14814)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Email: ghofmann@cohnekinghorn.com
       pjohnson@cohnekinghorn.com
       jtrousdale@cohnekinghorn.com

Attorneys for III Exploration II, LP

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| In re: III EXPLORATION II LP, | Bankruptcy No. 16-26471 (RKM) |
|---|---|
| Debtor. | Chapter 11 |

### FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION OF DEBTOR'S AMENDED PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

This matter came before the Court on December 4, 2018, at 1:00 p.m. (the "**Confirmation Hearing**") to consider confirmation of the *Amended Plan of Liquidation under Chapter 11 of the Bankruptcy Code, dated October 26, 2018* [Docket No. 521] (the "**Plan**"), filed by III Exploration II LP, debtor-in-possession (the "**Debtor**"). George Hofmann and Patrick Johnson appeared on behalf of the Debtor. Other counsel and

{00414342.DOCX /}

parties-in-interest noted their appearances on the record.

Based upon the evidence received at the Confirmation Hearing, the Debtor's *Memorandum of Law in Support of Plan of Liquidation under Chapter 11 of the Bankruptcy Code* [Docket No. 537] other papers filed concerning the Plan [*e.g.*, Docket Nos. 523, 525, 526, 528, 531, 532, 535, 536, 539 and 540], the statements of counsel and other matters of record, having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, the Court hereby

**FINDS AND CONCLUDES**[1] as follows:

A. <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>.  This Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B. <u>Judicial Notice</u>.  This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the transcripts of, and all minute entries, all transcripts of hearings, and all of the evidence received and arguments made at the hearings held before the Court during the pendency of the Bankruptcy Case.

C. <u>Transmittal and Mailing of Materials; Notice</u>.  All due, adequate, and

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.

[2] Capitalized terms used but not otherwise defined herein are defined in the Plan.

sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan, were given to all known holders of Claims and Interests in accordance with the Bankruptcy Rules. The Disclosure Statement, Plan, and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Rules upon Creditors and holders of Equity Interests entitled to vote on the Plan, and such transmittal and service were adequate and sufficient. No other or further notice of the Plan or Confirmation Hearing is or shall be required.

   D. <u>Solicitation</u>. The solicitation of votes for acceptance or rejection of the Plan complied with §§ 1125 and 1126,[3] Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations. Based on the record before the Court in the Bankruptcy Case, the Debtor has acted in "good faith" within the meaning of § 1125, and is entitled to the protections afforded by § 1125(e).

   E. <u>Distribution</u>. All procedures used to distribute the solicitation materials to the applicable holders of Claims and Equity Interests and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and all other rules, laws, and regulations.

   F. <u>Creditors' Acceptance of Plan</u>. The Plan establishes three Classes of Claims and one Class of Interests. Class 1 accepted the Plan. Classes 2, 3 and 4 were impaired and were not entitled to vote on the Plan. They are deemed to have rejected the Plan; nevertheless, the Debtor received one vote to accept the Plan from a member

---

[3] Unless otherwise provided, all references to statutory sections in these Findings and Conclusions using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

of Class 2.  No creditors in Classes 2, 3 and 4 objected to confirmation of the Plan.  There were no objections to the Plan.

    G.    <u>Plan Complies with Bankruptcy Code</u>.  The Plan, as supplemented and modified by the Confirmation Order, complies with the applicable provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(1).

        i.    <u>Proper Classification</u>.  The Claims and Interests placed in each Class are substantially similar to other Claims in each such Class.  The Plan properly classifies Claims.  In addition to Administrative Expense Claims and Priority Tax Claims, which are not classified under the Plan, the Plan designates various separate Classes of Claims and Interests based on differences in their legal nature or priority.  Further, valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests under the Plan.  Finally, the Classes do not unfairly discriminate between holders of Claims and/or the Holders of Interests.  Thus, the Plan satisfies §§ 1122 and 1123(a)(1).

        ii.    <u>Specify Unimpaired Classes</u>.  Classes 1, 2, 3 and 4 are designated as impaired Classes under the Plan.  No Classes are unimpaired.  Thus, § 1123(a)(2) is satisfied.

        iii.    <u>Specify Treatment of Impaired Classes</u>.  Classes 1, 2, 3 and 4 are designated as impaired under the Plan.  Article IV of the Plan specifies the treatment of the impaired Classes of Claims and Interests, thereby satisfying § 1123(a)(3).

        iv.    <u>No Discrimination</u>.  The Plan provides for the same treatment for each Claim or Interest in each respective Class unless the holder of a particular

Claim or Interest has agreed to less favorable treatment with respect to such Claim or Interest, thereby satisfying § 1123(a)(4).

  v.  <u>Implementation of Plan</u>.  The Plan provides adequate and proper means for implementation of the Plan, thereby satisfying § 1123(a)(5).  Among other things, Articles VI and VIII provides for (a) the revesting of the assets of the Estate in the Reorganized Debtor; (b) the continuation of bankruptcy case administration; (c) cash distributions to the holders of allowed Class 1 Claims; (d) appointment of Plan Administrator; and (e) the winding down of the affairs of the Debtor.

  vi.  <u>Selection of Post-Confirmation Managers</u>.  The identity and affiliations of Michael Rich, who will serve as the Plan Administrator, is properly disclosed in the Disclosure Statement and the Plan.  Thus, § 1123(a)(7) is satisfied.

  vii.  <u>Additional Plan Provisions</u>.  The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions respecting (a) the rejection of executory contracts and unexpired leases, (b) provisions governing distributions on account of Allowed Claims, particularly as to the timing and calculation of amounts to be distributed, (c) establishing procedures for resolving Disputed Claims and making distributions on account of such Disputed Claims once resolved, and (d) provisions regarding the retention by this Court over certain matters after the Effective Date.  As such, the requirements of § 1123(b) are satisfied.

  viii.  <u>Bankruptcy Rule 3016(a)</u>.  The Plan is dated and identifies the

Debtor as the proponent, thereby satisfying Bankruptcy Rule 3016(a).

H. <u>The Plan and its Proponent Comply with the Bankruptcy Code</u>. The Plan complies with the applicable provisions of the Bankruptcy Code. Likewise, the Debtor has complied with the applicable provisions of the Bankruptcy Code. Thus, §§ 1129(a)(1) and (a)(2) are satisfied.

    i. The Debtor is a proper proponent of the Plan under § 1121(c).

    ii. The Debtor has complied with the applicable provisions of the Bankruptcy Code, including § 1125, the Bankruptcy Rules, and other orders of the Court in transmitting the Plan, the Disclosure Statement, the ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

I. <u>Plan Proposed in Good Faith</u>. The Plan is proposed in good faith and not by any means forbidden by law and, therefore, complies with the requirements of § 1129(a)(3). In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Bankruptcy Case and the formulation of the Plan.

J. <u>Payments for Services or Costs and Expenses</u>. Any payment made or to be made under the Plan for services or for costs and expenses in or in connection with the Bankruptcy Case prior to the Effective Date, including all fees and expenses incurred by Professionals, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying § 1129(a)(4).

K. <u>Plan Administrator of the Reorganized Debtor</u>. The Plan and the Disclosure Statement state that Michael Rich will serve as the Plan Administrator of the Reorganized Debtor. His service is consistent with the interests of the holders of

Claims and with public policy.  Therefore, the requirements of § 1129(a)(5) are satisfied.

L.	No Rate Changes.  The Plan satisfies § 1129(a)(6) because the Confirmed Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

M.	Best Interests of Creditors Test.  The Plan satisfies § 1129(a)(7) with respect to all Classes of Claims and Interests.  All Classes have either accepted the Plan, or will receive property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 on the Effective Date.  As such, § 1129(a)(7)(A) is satisfied.

N.	Acceptance by Certain Classes.  Class 1 accepted the Plan.  Classes 2, 3 and 4 were not entitled to vote on the Plan and are deemed to reject the Plan.  As described in Section "W" below, the Plan satisfies the "cram down" requirements as to these Classes.

O.	Treatment of Administrative Expense Claims and Priority Tax Claims.  The Plan satisfies the requirements of § 1129(a)(9).  Except to the extent the holder of a particular Claim agrees to a different treatment, the Plan specifies that Administrative Expense Claims (including professional compensation) and Priority Tax Claims shall be paid as mandated by § 1129(a)(9).

P.	Acceptance by at Least One Impaired Class.  As set forth in the Ballot Tabulation Report [Docket No. 536], Class 1, which is impaired and is not an insider, was entitled to vote on the Plan and has accepted the Plan.  Therefore, the Debtor has satisfied this requirements of § 1129(a)(10).

Q.	Feasibility.  The Plan is feasible and complies with § 1129(a)(11) because

confirmation is not likely to be followed by a liquidation or the need for further financial reorganization of the Debtor.  The Court is satisfied that the Plan offers a reasonable prospect of success and is workable.  As such, the requirements of section 1129(a)(11) are satisfied.

R. <u>Payment of Fees</u>.  All fees payable under 28 U.S.C. § 1930 have been paid, or will be paid on or before the Effective Date, pursuant to Section 2.2(b) of the Plan, thereby satisfying § 1129(a)(12).

S. <u>Continuation of Retiree Benefits</u>.  The Plan complies with § 1129(a)(13) because the Debtor is not obligated to pay any retiree benefits subject to § 1114.

T. <u>No Domestic Support Obligations</u>.  The Debtor does not have any domestic support obligations.  Therefore, § 1129(a)(14) is not applicable.

U. <u>Not an Individual</u>.  The Debtor is not an individual.  As such § 1129(a)(15) is not applicable.

V. <u>Transfers Will Comply with Nonbankruptcy Law</u>.  The Plan complies with § 1129(a)(16) because any transfers of assets to be made under the Plan will be made in accordance with applicable nonbankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

W. <u>Fair and Equitable; No Unfair Discrimination</u>.  Classes 2, 3 and 4 were not entitled to vote on the Plan and are deemed to have rejected the Plan.  There is no unfair discrimination between the Classes of Claims because there is a reasonable basis for the different treatment of each Class of Claims.  The Plan is fair and equitable to unsecured Claims (Classes 2 and 3) because the Plan satisfies the "Absolute Priority

Rule."  The Plan is fair and equitable to Equity Interests because the Plan gives the holders of Equity Interests the value of their interests, which is zero, and because no holder or other person having an interest "junior" to Classes 2 or 3 will receive or retain any property under the Plan.  Accordingly, the Plan complies with the requirements of § 1129(b).

X.     No Other Plan.  No other chapter 11 plan is pending before the Court in this Bankruptcy Case and no other plan has been, or will be, confirmed in this Case.  As such, the requirements of § 1129(c) are satisfied.

Y.     Principal Purpose of Plan.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).  Therefore, the Plan satisfies the requirements of § 1129(d).

Z.     The Court announced other findings of fact and conclusions of law on the record at the Confirmation Hearing, which findings and conclusions are incorporated herein by reference.

AA.    In summary, the Confirmed Plan complies with, and the Debtor has satisfied, all applicable confirmation requirements, and the Plan will be confirmed by entry of the separate Confirmation Order.



-------------------------------------- END OF DOCUMENT --------------------------------------

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **ORDER CONFIRMING DEBTOR'S PLAN OF LIQUIDATION** shall be served on the parties in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case, as identified below, are registered CM/ECF users.

- Michael A. Axel    michael_axel@keybank.com
- David M. Bennett    david.bennett@tklaw.com, gracie.gonzales@tklaw.com; Shannon.savage@tklaw.com;tj.crittendon@tklaw.com
- Mona Lyman Burton    mburton@hollandhart.com, intaketeam@hollandhart.com;slclitdocket@hollandhart.com;lcpaul@hollandhart.com
- Laurie A. Cayton tr    laurie.cayton@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- P. Matthew Cox    bankruptcy_pmc@scmlaw.com
- Timothy A. Davidson    taddavidson@andrewskurth.com
- Mark R. Gaylord    gaylord@ballardspahr.com, boyntonm@ballardspahr.com; saltlakedocketclerk@ballardspahr.com;wanbergg@ecf.courtdrive.com
- Tyler M. Hawkins    hawkinst@ballardspahr.com, saltlakedocketclerk@ballardspahr.com;lawsont@ballardspahr.com,wanbergg@ecf.courtdrive.com
- George B. Hofmann    ghofmann@cohnekinghorn.com, dhaney@cohnekinghorn.com;mparks@cohnekinghorn.com
- Patrick E Johnson    pjohnson@cohnekinghorn.com, jdannenmueller@cohnekinghorn.com
- Peter J. Kuhn tr    Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Demetra L. Liggins    demetra.liggins@tklaw.com, nashira.parker@tklaw.com; mattia.maldonado@tklaw.com
- Steven J. McCardell    smccardell@djplaw.com, khughes@djplaw.com
- Michael S. Myers    myersms@ballardspahr.com, hartt@ballardspahr.com
- Dianne Orcutt    dianneo@utahcounty.gov, pauljo@utahcounty.gov
- Douglas J. Payne    dpayne@fabianvancott.com, mparks@fabianvancott.com; mdewitt@fabianvancott.com
- David L. Pinkston    bankruptcy_dlp@scmlaw.com
- Anthony F. Pirraglia    anthony.pirraglia@tklaw.com
- Adam H Reiser    areiser@cohnekinghorn.com
- Knute A. Rife    KARife@RifeLegal.com
- Brian M. Rothschild    brothschild@parsonsbehle.com, ecf@parsonsbehle.com
- Steven Soule    ssoule@hallestill.com
- J. Preston Stieff    jps@stiefflaw.com, office@stiefflaw.com
- Jeffrey L. Trousdale    jtrousdale@cohnekinghorn.com, nlakey@cohnekinghorn.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

- Bruce H. White    bwhite@parsonsbehle.com, chuston@parsonsbehle.com

**By U.S. Mail**: In addition to the parties receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b).

| | |
|---|---|
| A. John Davis | Paul Machmuller |
| 222 S. Main Street Suite 2200 | Fuller Real Estate, LLC |
| Salt Lake City, UT 84101 | 5300 DTC Parkway, Suite 100 |
| | Greenwood Village, CO 80111 |

/s/ *Patrick E. Johnson*